UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR PAYNE<br><br>            Plaintiff,<br><br>v.<br><br>C.O. WYATT, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 3:21-CV-01896<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* prisoner-Plaintiff Omar Payne ("Payne") commenced this action on November 8, 2021, asserting violations of his federal civil rights under 42 U.S.C. § 1983 and state law claims against Defendants Correctional Officer Wyatt ("Officer Wyatt"), Lieutenant Lopez ("Lt. Lopez") and Lieutenant Strong ("Lt. Strong") (collectively, "Defendants").[1] (Doc. 1). Pending before the Court is a motion to dismiss Payne's complaint. (Doc. 13). On April 18, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 12). For the following reasons, Defendants' motion to dismiss (Doc. 13) will be **GRANTED.**

I. **BACKGROUND AND PROCEDURAL HISTORY**

Payne commenced this action with the filing of a complaint on November 8, 2021, asserting a Fourteenth Amendment violation for deprivation of property, First Amendment violation for denial of access to the court, and state law claims for negligence and negligent deprivation of property. (Doc. 1, at 8-9). At all times relevant to this action, Payne is an inmate

---

[1] As the Court finds that Payne's federal-law claims are dismissed, the Court declines to exercise supplemental jurisdiction over his state-law claims at this time.

incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Doc. 1, ¶ 3). In the complaint, Payne alleges that Defendants destroyed his personal property, including legal materials, which prevented his meaningful access to the courts. (Doc. 1, at 8-9). Payne seeks both compensatory and punitive damages for his alleged constitutional injuries and states that he properly exhausted his claims through the prison grievance system. (Doc. 1, at 2, 5).

On April 25, 2022, Defendants filed the motion to dismiss Payne's Fourteenth and First Amendment claims pursuant to Rule12(b)(6), as well as a brief in support. (Doc. 13; Doc. 14). Defendants aver: (1) Payne's Fourteenth Amendment deprivation of property claim should be dismissed because there is no constitutional violation associated with the destruction of Payne's property since Payne was afforded an adequate post-deprivation remedy; and (2) Payne's First Amendment access-to-courts claim should be dismissed because Payne has failed to allege an actual injury. (Doc. 14, at 3-6). On May 31, 2022, Payne filed a brief in opposition. (Doc. 15).

The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 13; Doc. 14; Doc. 15).

II.   **STANDARDS OF LAW**

A. MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could

plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. SECTION 1983

Payne asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

**III.   DISCUSSION**

### A. FOURTEENTH AMENDMENT DEPRIVATION OF PROPERTY CLAIM

First, Payne asserts a due process violation against Defendants for purportedly withholding or failing to locate his legal materials and family pictures after Payne was placed in a quarantine unit for testing positive for COVID-19. (Doc. 1, at ¶¶ 22-24). Defendants argue that Payne's Fourteenth Amendment destruction of property claims should be dismissed because Payne was afforded an adequate post-deprivation remedy. (Doc. 1, at 5-7; Doc. 14, at 4-5). Although Defendants fail to specify this remedy, the Court presumes Defendants are referring to the grievance Payne filed on March 1, 2021, which was granted in part and denied in part. (Doc. 1, at 2).[2]

Where an alleged due process violation concerns the deprivation of property, there is no cause of action under § 1983 if an adequate post-deprivation remedy exists under state law. *Brown v. Lowe*, No. 15-CV-02373, 2016 WL 4429956, at *1 (M.D. Pa. Aug. 22, 2016), *aff'd sub nom. Brown v. Warden Pike Cty. Corr. Facility,* 693 F. App'x 176 (3d Cir. 2017) (citing *Reid v. Bruce Seville*, No. 96-2577, 1996 WL 421901 (E.D. Pa. July 19, 1996); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1983) (ruling that the deprivation of inmate property by prison officials

---

[2] Payne filed Grievance No. 920682 on March 20, 2021, claiming a loss of his Super3, radio, a legal box containing all his important documents, and a broken footlocker. (Doc. 15-1, at 1). Payne asks for $1000 in compensation for his radio and footlocker and $75,000 in punitive damages for his legal box and documents. (Doc. 15-1; Doc. 15-2). The initial review response denied Payne's grievance in part and upheld it in part, stating that staff were able to fix Payne's footlocker and he reported this satisfied his claim. (Doc. 15-5). Furthermore, it was not able to be verified that Payne had any legal work that could have gone missing during isolation, thus, compensation was denied. (Doc. 15-5). Payne was reimbursed for the cost of the radio at $40 because it could be confirmed that Payne had the radio in his electronics log. (Doc. 15-5). Any other request for compensation was denied. (Doc. 15-5). Payne filed an appeal claiming loss of his legal box. (Doc. 15-6). The Final Appeal decision denied relief on July 8, 2021, stating that records indicate no evidence of Payne's legal box. (Doc. 15-7).

does not give rise to a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (holding that where a prisoner loses personal belongings due to negligence of correctional officers, no civil rights violation occurs if state has adequate post-deprivation remedy). The bar against recovery under § 1983 for a due process violation applies to both intentional and negligent deprivations by state agents where the alleged deprivation is "effected through random and unauthorized conduct." *Hudson*, 468 U.S. at 533. Thus, even if it could be demonstrated that Payne was intentionally deprived of his property, his claim would still be deficient if an adequate post-deprivation remedy process was available to Payne. *Terry Walker, Plaintiff v. Kathy Brittian, et al.*, No. 1:22-CV-00965, 2022 WL 4454525, at *4 (M.D. Pa. Sept. 23, 2022); *Morris v. Schomp*ert, No. 09-694, 2011 WL 4955169, at *5 (W.D. Pa. Sept. 13, 2011).

Here, as Payne's complaint concedes and the attached exhibits demonstrate, an adequate post-deprivation state remedy was available to Payne. (Doc. 1, at 2, ¶¶ 19, 21; Doc. 15-1; Doc. 15-2; Doc. 15-3; Doc. 15-4; Doc. 15-5; Doc. 15-6; Doc. 15-7; Doc. 15-8). A prison's grievance program and internal review process provide a post-deprivation remedy sufficient to satisfy due process. *Pena v. Clark,* No. 21-2931, 2022 WL 897037, at *3 (3d Cir. Mar. 28, 2022*); Tillman v. Lebanon Cty Corr. Facility,* 221 F.3d 410, 422 (3d Cir. 2000); see *Reid,* 1996 WL 421901, at *3-4. (holding that because Pennsylvania tort law offers a remedy for prison officials' unlawful deprivation of inmate property, inmate failed to state a constitutional claim); *Austin v. Lehman,* 893 F. Supp. 448, 454 (E.D. Pa. 1995) (finding that both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). Payne was provided with an opportunity to file an administrative grievance and availed himself of that procedure, as evidenced by the grievance forms and responses

appended to Payne's complaint and offered in support of his claims. (Doc. 1, at 2, ¶¶ 19, 21; Doc. 15-1; Doc. 15-2; Doc. 15-3; Doc. 15-4; Doc. 15-5; Doc. 15-6; Doc. 15-7; Doc. 15-8). Because Payne had the ability to grieve the loss of his property, he has no due process claim arising out of the alleged withholding and/or confiscation of his legal mail and personal property and therefore, Payne's Fourteenth Amendment deprivation of property claim is dismissed with prejudice. *Terry,* 2022 WL 4454525, at *5; *See Hudson,* 468 U.S. at 533; *Monroe v. Beard*, 536 F.3d 198, 209-10 (3d Cir. 2008); *Tillman*, 221 F.3d at 422.

In opposition to Defendants' motion to dismiss, Payne first argues that his prison grievance process was inadequate because it could not provide full compensation to Payne, specifically his missing personal photos and legal materials. (Doc. 15, at 4). Payne cites *Bumgarner v. Bloodworth,* 768 F.2d 297 (8th Cir. 1985), to support the proposition that a remedy is only adequate if capable of providing full compensation. (Doc. 15, at 4). Second, Payne submits that the post-deprivation remedy rule applies only to procedural due process; it does not apply to substantive due process or other constitutional violations. (Doc. 15, at 4). Regarding Payne's second contention, as previously stated, the temporary withholding or loss of Payne's personal property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment because a meaningful post-deprivation remedy for his loss is available to him. *See Brown,* 2016 WL 4429956, at *1; *Hudson,* 468 U.S. at 517. The complaint does not allege any other constitutional violations other than the ones addressed in this order. (Doc. 1, at 8-9).

While Payne may not have been satisfied with the outcome of his grievance , the Court notes that he still had the option to pursue additional remedies available under state law. (Doc. 1, at ¶¶ 22) (claiming that, even though his grievance was upheld, he was not

compensated for his missing property or legal materials)); *see Terry,* 2022 WL 4454525, at *5 (finding plaintiff's allegations did not give rise to a cognizable Fourteenth Amendment due process claim because plaintiff filed a grievance at SCI Frackville and thus had an adequate post-deprivation remedy available to him as well as state law remedies). As Payne acknowledges in his opposition brief, Pennsylvania tort law provides an adequate remedy for prison officials' unlawful deprivation of inmate property. (Doc. 15, at 4); *see Terry,* 2022 WL 4454525, at *5; *see also* 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) (waiving sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties . . ."); *Mayo v. Hollibaugh,* No. 18-CV-1492, 2020 WL 1467257, at *6 (M.D. Pa. Mar. 26, 2020) (explaining that even if the prison's grievance procedures "were constitutionally inadequate, [the prisoner-plaintiff] could take advantage of state tort law which may serve as an adequate post-deprivation remedy") (citing 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3)); *Hernandez v. Corr. Emergency Response Team,* 771 F. App'x 143, 145 (3d Cir. 2019) (unpublished) (same).

     Payne argues this remedy is insufficient because it will not replace his missing property. (Doc. 15, at 4). However, the relevant inquiry when determining whether a Fourteenth Amendment procedural due process violation exists is whether post-deprivation remedies are available. *See Terry,* 2022 WL 4454525, at *5 (concluding that although plaintiff was not satisfied with the outcome of his grievance because he was not provided with a remedy or any compensation, plaintiff did not state a cognizable due process claim because plaintiff still had the opportunity to pursue additional remedies under Pennsylvania state law). Applying these legal principles, the Court finds that Payne's allegations do not give rise to a cognizable Fourteenth Amendment due process claim because Payne acknowledges that he

filed a grievance at SCI-Huntingdon and thus had an adequate post-deprivation remedy available to him. (Doc. 1, at 2, ¶ 19); *see Terry,* 2022 WL 4454525, at *5; *Hudson,* 468 U.S. at 533; *Monroe,* 536 F.3d at 209-10; *Tillman,* 221 F.3d at 422.

Accordingly, Payne's Fourteenth Amendment claim is dismissed with prejudice.

### B. First Amendment Access to Court Claim

Next, Payne alleges a violation of his right of access to the courts under the First Amendment against Defendants for failing to return Payne's legal paperwork to him. (Doc. 1, ¶ 25). Defendants argue that Payne has failed to allege actual injury as required for a First Amendment access-to-court claim. (Doc. 14, at 5). Specifically, Defendant argues that Payne's allegation that he "sent in his grievance, proof of the existence of legal material, just as records of his pending appellate reviews in the Courts indicates as well, indicates as well," is insufficient to demonstrate actual injury. (Doc. 14, at 6). In opposition to Defendants' motion to dismiss, Payne contends that he has sufficiently alleged that Defendants lost or stole legal materials that directly challenged his conviction and/or sentence, therefore, demonstrating actual injury. (Doc. 15, at 5). Payne's opposition brief lists several documents that were either "lost or stolen" by Defendants including an affidavit from a "newly discovered" witness, trial transcripts, PCRA petitions, and habeas corpus petitions. (Doc. 15, at 5). Payne claims these documents directly challenged his sentence and/or conviction and there is no other way for him to obtain them again. (Doc. 15, at 5).

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. *Lewis v. Casey,* 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in preparing a defense

against pending criminal charges. *See, e.g.*, *Prater v. City of Phila.*, 542 F. App'x 135, 136-37 (3d Cir. 2013) (not precedential); *May v. Sheahan*, 226 F.3d 876, 883-84 (7th Cir. 2000). Where, as here, the prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) he suffered an actual injury—that is, that he lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim because of the alleged interference; and (2) he has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial-of-access suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Monroe*, 536 F.3d 198 at 205.

  Here, Payne's access-to-courts claim is plainly deficient. Payne's allegations pertaining to this claim include that upon his return to D-Block, he noticed legal materials were missing and that he "sent in his grievance, proof of the existence of legal material, just as records of his pending appellate reviews in the Courts indicates as well, indicates as well," and that "D.O.C. officials refused to acknowledge and take corrective measures, (i.e. attempting to locate said missing property), can have an adverse effect on Payne's pending appeal in the courts, if his legal paperwork is not returned." (Doc. 1, at 8). These allegations do not demonstrate that he has suffered an actual injury (*i.e.*, a lost, nonfrivolous legal claim). *Betts v. Varner*, No. 1:21-CV-01309, 2022 WL 987888, at *5 (M.D. Pa. Mar. 31, 2022) (dismissing plaintiff's First Amendment claim on the grounds that plaintiff failed to allege that he suffered an actual injury, (*i.e.*, a lost, nonfrivolous legal claim), facts showing that he has no other remedy for the purported loss, and how the failure to turn over a single letter unconstitutionally impinged on his access to the courts). Instead, Payne broadly claims that a failure to return to legal paperwork can have adverse effects on Payne's pending appeal in the courts. (Doc. 1, at ¶ 23). Payne has not specified the offending action taken by each

purportedly liable defendant nor has he described the legal documents or how the failure to return them could impact Payne's pending appeal in court. *See Mbewe v. Delbalso*, No. 4:21-CV-00654, 2022 WL 3370779, at *4 (M.D. Pa. Aug. 16, 2022) (holding that plaintiff failed to plead an access-to-courts claim where he failed to show how the purported interference with his mail caused such a lengthy delay that the one-year PCRA limitations period elapsed or facts demonstrating that he has no other remedy for the purported loss). Additionally, Payne has not pled any facts showing that he has no other remedy for the purported loss. *See Betts,* 2022 WL 987888, at *4 (holding that plaintiff's First Amendment access to the courts claim was in sufficient because plaintiff did not allege any facts that he suffered any actual injury, or facts showing that he has no other remedy for the purported loss).

Although Payne's brief in opposition elaborates on the significance of these documents, it is well settled that a plaintiff cannot amend his pleadings through a brief in opposition to a Rule 12(b)6) motion. (Doc.15, at 4-5); *see, e.g., Burk v. Wakefield*, No. 4:21-CV-01354, 2022 WL 1785250, at *4 (M.D. Pa. June 1, 2022) (dismissing a plaintiff's First Amendment where plaintiff's brief in opposition to defendant's motion to dismiss explained that the alleged seizure of his legal materials caused him "to miss legal deadlines in Trenton NJ"). Accordingly, the Court will dismiss the First Amendment claim with leave to amend in the event that Payne can plead the requisite facts to state a plausible access-to-courts claim.

### C. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson,* 293 F.3d at 108; *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has

"substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute). A district court is justified in denying leave to amend if amendment would be "inequitable or futile" or upon "[a] plaintiff's 'repeated failure to cure deficiencies by amendments previously allowed . . . .'" *Kitko v. Young*, 575 F. App'x 21, 27 (3d Cir. 2014) (quoting *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). Regarding Payne's procedural due process claim, leave to amend would be futile because the facts that Payne alleges in his complaint cannot amount to a constitutional violation since Payne had the ability to grieve the loss of his property, and therefore, has no due process violation.

However, because it is conceivable that Payne may be able to cure his pleading deficiencies, the Court will permit him to file an amended complaint – in accordance with this Memorandum – in the event that he can aver facts that would plausibly state a First Amendment violation for the alleged loss or destruction of his non-legal mail. The amended complaint must be a single, unified, legible complaint setting forth factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants. The amended complaint must identify the defendant or defendants involved and specify the offending action taken by each purportedly liable defendant. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). Further, the amended complaint must be "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. It must also be limited to those claims that arise out of the

same transaction or occurrence or series of transactions or occurrences. Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.

### IV. CONCLUSION

Based on the foregoing, Defendants' partial motion to dismiss (Doc. 13) is **GRANTED**, and Plaintiff's First and Eighth Amendment claims are **DISMISSED** without prejudice to Payne filing an amended complaint curing the deficiencies set forth herein. Payne should file an amended complaint addressing these deficiencies within 30 days of the date of the Order accompanying this Memorandum.

An appropriate Order follows.

                                          **BY THE COURT:**

**Dated: March 17, 2023**                      *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **Chief United States Magistrate Judge**