UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR PAYNE,<br><br>              Plaintiff,<br><br>v.<br><br>C.O. WYATT, et al.,<br><br>              Defendants. | CIVIL ACTION NO. 3:21-CV-01896<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Correctional Officer Wyatt ("Officer Wyatt"), Lieutenant Lopez ("Lt. Lopez"), and Lieutenant Strong ("Lt. Strong") (collectively, "Defendants"). (Doc. 21). *Pro se* prisoner-Plaintiff Omar Payne ("Payne") initiated this above-captioned civil rights action pursuant to 42 U.S.C. § 1983, by filing a complaint on November 8, 2021. (Doc. 1). In the operative amended complaint, filed on April 19, 2023, Payne alleges that Defendants violated his First Amendment rights by denying him access to the courts. (Doc. 19, at 1). For the following reasons, Defendants' motion to dismiss (Doc. 21) will be **GRANTED.**

**I.   BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from Payne's amended complaint. (Doc. 19). At all times relevant to this action, Payne was incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Doc. 19, ¶ 1). On March 7, 2021, due to a Covid-19 outbreak in the prison, Payne was moved to a quarantine unit. (Doc. 19, ¶ 6). Payne was not permitted to take his personal property and Defendants Wyatt and Strong "refused to adhere to D.O.C. policy which mandates inventory of personal property that is to be held in storage." (Doc. 19, ¶¶ 7, 8, 9). When Payne returned to his cell block after the quarantine

period on March 21, 2021, he "immediately noticed several items were missing and/or broken." (Doc. 19, ¶¶ 7, 11). Among the missing items were legal materials, including an exculpatory affidavit from Leonard Way "that can no longer be attained in any other way." (Doc. 19, ¶¶ 12, 14). Additionally, some of Payne's materials were given to another prisoner, who has since returned them to Payne. (Doc. 19, ¶ 13). Defendants' "misplacement/confiscation" of Payne's materials give rise to his First Amendment access to courts claim. (Doc. 19, ¶ 15).

On November 8, 2021, Payne filed a complaint with this Court alleging Defendants deprived him of his property in violation of the Fourteenth Amendment and denied him access to the court in violation of the First Amendment. (Doc. 1, at 8-9). Payne also alleged state law claims for negligence and negligent deprivation of property. (Doc. 1, at 8-9). On April 25, 2022, Defendants filed a partial motion to dismiss Payne's Fourteenth and First Amendment claims pursuant to Rule12(b)(6). (Doc. 13; Doc. 14). On March 17, 2023, the Court granted Defendants' partial motion to dismiss, dismissing Payne's Fourteenth Amendment claim with prejudice and First Amendment claim without prejudice. (Doc. 17; Doc. 18). Payne filed the operative amended complaint on April 19, 2023. (Doc. 19). In his amended complaint, Payne re-alleges that Defendants violated his First Amendment right to access the court.[1] (Doc. 19, ¶¶ 12-15). Payne seeks both compensatory and punitive damages for his alleged constitutional injuries. (Doc. 19, at 1, 3).

---

[1] Payne also attaches copied pages from Department of Corrections ("DOC") Policy DC-ADM 815 concerning the "Handling of Property for Transfers" and "Authorized Temporary Absence;" a copy of Payne's Personal Property Inventory Form, dated February 22, 2017; an affidavit from Randall H. Chumley, dated April 13, 2023; and an order from Civil Action No. 14-CV-2198, dated May 5, 2022, dismissing Payne's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) for lack of subject matter jurisdiction. (Doc. 19, at 4-9).

On May 1, 2023, Defendants filed a motion to dismiss Payne's amended complaint for failure to state a claim and a brief in support of their motion. (Doc. 21; Doc. 22). On September 5, 2023, Payne filed a brief in opposition to Defendants' motion to dismiss. (Doc. 24). The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 21; Doc. 22; Doc. 24).

## II. STANDARDS OF LAW

### A. MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. SECTION 1983

Payne asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

III. DISCUSSION

Defendants move to dismiss Payne's amended complaint, arguing that Payne fails to allege an actual injury as required to bring a First Amendment access to courts claim. (Doc. 22, at 3-5). Specifically, Defendants aver that Payne merely alleges that his criminal case was "crippled" by the loss of his property, but fails to explain how it was crippled, the current

status or outcome of the criminal case, or give any context of the affidavit he alleges was confiscated. (*see* Doc. 19, ¶ 14; Doc. 22, at 4-5). In opposition, Payne contends that he has alleged that as a result of Defendants' actions, his pending criminal case was dismissed for lack of subject matter jurisdiction, and he was prevented from filing a second habeas petition and from presenting an exonerating affidavit in accordance with 42 Pa.C.S.A. § 9543(a)(2)(vi),[2] demonstrating actual injury. (Doc. 24, ¶¶ 8-10).

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. *Lewis v. Casey,* 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). Similarly, a pretrial detainee has a right to access to the courts with respect to legal assistance and participation in preparing a defense against pending criminal charges. *See, e.g.*, *Prater v. City of Phila.,* 542 F. App'x 135, 136-37 (3d Cir. 2013) (not precedential); *May v. Sheahan*, 226 F.3d 876, 883-84 (7th Cir. 2000). Where, as here, the prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) he suffered an actual injury—that is, that he lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim because of the alleged interference; and (2) he has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial-of-access suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

In this case, Payne's access to the courts claim is deficient because Payne has failed to allege both that he suffered an actual injury and that no other remedy could be awarded as

---

[2] 42 Pa.C.S.A. § 9543(a)(2)(vi) is a provision under Pennsylvania's Post Conviction Relief Act ("PCRA") that is meant to address claims of actual innocence based on newly discovered evidence. *McDonald v. Delbalso*, No. CV 15-138J, 2018 WL 1244518, at *4 (W.D. Pa. Mar. 9, 2018).

recompense for his alleged lost legal claim. (Doc. 19); *Christopher*, 536 U.S. at 415. Regarding the actual injury prong, Payne alleges that because Defendants confiscated and/or misplaced his legal materials, his "pending criminal case at the time docketed at Case No. 14-cv-2198, was crippled by Plaintiff's [ensuing] inability to submit the after-discovered exculpatory affidavit of Leonard Way, and the appeal has since been unsuccessful."[3] (Doc. 19, ¶ 14).

Payne's last substantial filing in Case No. 14-CV-2198, a case filed in the Eastern District of Pennsylvania, was a motion submitted through counsel on October 5, 2021. *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 49. The motion requested Independent Action for Relief from an Order Denying Section 2254 Habeas Petition or, alternatively, for Relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 49; *see Payne v. Bickell*, No. 14-CV-2198, 2022 WL 1443344, at *3 (E.D. Pa. May 5, 2022), *certificate of appealability denied*, No. 22-2050, 2022 WL 17351770 (3d Cir. Oct. 6, 2022). Therein, Payne sought to reopen a judgment dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that "the Court committed a procedural error when it did not construe his habeas petition as raising a claim of actual innocence based on his assertion that the shooting was in self-defense." *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 49; *Payne*, 2022 WL 1443344, at *2. Relevant here, Payne argued that "new evidence in the form of an

---

[3] The Court takes judicial notice of the following related judicial opinion and docket: *Payne v. Bickell*, No. 14-CV-2198, 2022 WL 1443344, at *3 (E.D. Pa. May 5, 2022), *certificate of appealability denied*, No. 22-2050, 2022 WL 17351770 (3d Cir. Oct. 6, 2022); *Payne v. Bickell*, No. 14-CV-2198 (E.D. filed Apr. 14, 2014). Fed. R. Evid. 201(b)(2); *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 547 n.1 (3d Cir. 2014) (providing courts may take judicial notice of another court's docket); *see e.g., Nesselrotte v. Allegheny Energy, Inc.*, No. CIV.A. 06-01390, 2009 WL 230703, at *12 n.3 (W.D. Pa. Jan. 30, 2009).

Affidavit from Leonard Lay indicates there was some prior dispute between the decedent and Petitioner that led to the gunfight." *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 49, at 17.

On May 5, 2022, the court denied the motion, explaining that, *inter alia*,

> [b]ecause Payne is not attempting to raise a procedural defect in the manner in which his habeas petition was adjudicated, but rather is presenting a new habeas and is attacking the Court's merits determination of his habeas petition, the Motion must be construed as an unauthorized second or successive habeas petition. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider his claims.

*Payne*, 2022 WL 1443344, at *3.

Additionally, the court found no probable cause to issue a certificate of appealability. *Payne*, 2022 WL 1443344, at *4.[4]

In this case, Payne has not alleged sufficient facts to suggest that his inability to use his lost legal materials, including the exculpatory affidavit from Leonard Way, affected the outcome of Case No. 14-CV-2198, or that the court denied his motion in part due to his inability to access the materials.[5] Payne's motion was rejected because it raised a new,

---

[4] Relevant also from Case No. 14-CV-2198 is an Order dated August 9, 2018, in which the United States Third Circuit Court of Appeals denied Payne's request for a certificate of appealability. *Payne v. Bickell*, No. 14-CV-2198 (E.D. filed Apr. 14, 2014), ECF. No. 41. In their decision, the Third Circuit addresses "Payne's proposed testimony from Leonard Way," stating that Payne did not suffer any injustice by its omission at trial because it was not "forthcoming or available upon reasonable investigation." *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 44, at 16.

[5] To the extent that Payne attempts to elaborate on the significance of these documents in his brief in opposition, it is well settled that a plaintiff cannot amend his pleadings through a brief in opposition to a Rule 12(b)(6) motion. (Doc. 24); *see, e.g., Burk v. Wakefield*, No. 4:21-CV01354, 2022 WL 1785250, at *4 (M.D. Pa. June 1, 2022) (dismissing a plaintiff's First Amendment claim where plaintiff's brief in opposition to defendant's motion to dismiss

previously unasserted habeas claim and because he failed to receive authorization from the Court of Appeals to file another federal habeas petition. *Payne*, 2022 WL 1443344, at *3-4. The court did not even respond to Payne's contention that he had new evidence in the form of an affidavit from Leonard Way or request that it be produced. *Payne*, 2022 WL 1443344, at *3-4. Accordingly, Payne has not plead facts to support Case No. 14-CV-2198 was in any way impacted by the alleged confiscation of his legal materials, thus resulting in an actual injury.

Payne also does not allege that he is unable to file a second or successive habeas petition with the Third Circuit. The Eastern District of Pennsylvania's May 5, 2022, Order, dismisses Payne's motion *without* prejudice to his right to file an application with the Third Circuit, thereby refuting this contention. (Doc. 19, at 9); *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 51, ¶ 1. Thus, Payne's allegations also fall short of establishing that he lost the opportunity to pursue a non-frivolous or arguable underlying legal claim. *Betts*, 2022 WL 987888, at *5; *see Woodell v. Pa. D.O.C. Sec'y of Corr.*, No. CV 18-4430, 2020 WL 2841380, at *8 (E.D. Pa. June 1, 2020), *aff'd sub nom. Rancourt Little Mountain Woodell v. Wetzel*, No. 20-3235, 2022 WL 17424287, at *3 (3d Cir. Dec. 6, 2022) ("To the extent that [plaintiff] alleged that the deprivation of his legal materials resulted in the denial of his First Amendment right to access the courts, this claim failed because, . . . he did not

---

explained that the alleged seizure of his legal materials caused him "to miss legal deadlines in Trenton NJ"). Further, his arguments are meritless. First, Payne's motion did not fail due to his inability to present sound legal arguments, but rather, due to his failure to receive authorization from the Court of Appeals to file another federal habeas petition. *Payne,* 2022 WL 1443344, at *4. Second, as noted, the court dismissed Payne's motion without prejudice to his right to file with the Third Circuit an application to file a second or successive habeas petition. (Doc. 19, at 9).

identify a lost, meritorious legal opportunity in either his state post-conviction or federal habeas proceedings."). Accordingly, Payne's allegations again do not demonstrate that he has suffered an actual injury. *Betts v. Varner*, No. 1:21-CV-01309, 2022 WL 987888, at *5 (M.D. Pa. Mar. 31, 2022) (dismissing plaintiff's First Amendment claim in part because plaintiff failed to allege that he suffered an actual injury, (*i.e.*, a lost, nonfrivolous legal claim)).

In addressing prong two, Payne has not pled any facts showing that there is no other remedy available to him for the purported loss of his legal claims. *See Betts*, 2022 WL 987888, at *5 (dismissing plaintiff's First Amendment access to the courts claim in part because he plead no facts showing that he has no other remedy for the purported loss). Even considering the liberal pleading standard for a *pro se* litigant, Payne has not met his burden to sufficiently allege a First Amendment access to court claim. *See Estelle*, 429 U.S. at 106.

Accordingly, Defendants' motion to dismiss Payne's amended complaint is **GRANTED**.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute). A district court is justified in denying leave to amend if amendment would be

"inequitable or futile" or upon "[a] plaintiff's 'repeated failure to cure deficiencies by amendments previously allowed . . . .'" *Kitko v. Young*, 575 F. App'x 21, 27 (3d Cir. 2014) (quoting *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

As the amended complaint does not set forth proper factual allegations connected to First Amendment legal claims against Defendants, dismissal is warranted. (Doc. 19). However, out of an abundance of caution, and to preserve Payne's rights as a *pro se* litigant, the Court will allow him to file a second amended complaint regarding the claims against Defendants Lopez, Strong, and Wyatt. (Doc. 19). The second amended complaint must fully allege every claim Payne wishes to pursue and be a pleading that stands by itself without reference to the original complaint or amended complaint. *See Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss (Doc. 21) is **GRANTED**, and Plaintiff's First Amendment claim is **DISMISSED** without prejudice to Payne filing a second amended complaint curing the deficiencies set forth herein. Payne should file an amended complaint addressing these deficiencies within 30 days of the date of the Order accompanying this Memorandum. An appropriate Order follows.

BY THE COURT:

Dated: March 29, 2024

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**