UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR PAYNE<br>    Plaintiff,<br>v.<br>C.O. WYATT, et al.,<br>    Defendants. | CIVIL ACTION NO. 3:21-CV-01896<br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Correctional Officer Wyatt ("Officer Wyatt"), Lieutenant Lopez ("Lt. Lopez") and Lieutenant Strong ("Lt. Strong") (collectively, "Defendants"). (Doc. 30). This case involves *pro se* prisoner-Plaintiff Omar Payne ("Payne"), who initiated this above-captioned civil rights pursuant to 42 U.S.C. § 1983, by filing a complaint on November 8, 2021. (Doc. 1). In his amended complaint, filed on April 19, 2023, Payne re-alleged that Defendants violated his First Amendment rights by denying him access-to-courts. (Doc. 19, at 1). On April 30, 2024, Payne filed a second amended complaint, again re-alleging his First Amendment denial of access-to-courts claim. (Doc. 28). On June 18, 2024, Defendants filed their motion to dismiss Payne's second amended complaint. (Doc. 30). For the following reasons, Defendants' motion to dismiss will be **GRANTED.** (Doc. 30).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Payne is a prisoner currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Doc. 1, ¶ 3; Doc. 19, at 1; Doc. 28, ¶ 3). Payne commenced this action with the filing of a complaint on November 8, 2021, asserting a Fourteenth Amendment violation for deprivation of property, a First Amendment violation

for denial of access to the court, and state law claims for negligence and negligent deprivation of property. (Doc. 1, at 8-9). On April 25, 2022, Defendants filed a partial motion to dismiss Payne's Fourteenth and First Amendment claims pursuant to Rule12(b)(6), as well as a brief in support. (Doc. 13; Doc. 14). On March 17, 2023, the Court granted Defendants' partial motion to dismiss. (Doc. 17; Doc. 18). Specifically, the Court dismissed Payne's Fourteenth Amendment claim with prejudice and First Amendment claim without prejudice. (Doc. 17; Doc. 18).

Payne filed an amended complaint on April 19, 2023. (Doc. 19). In his amended complaint, Payne re-alleged that Defendants misplaced and/or confiscated his personal property, including legal materials, which prevented his meaningful access to the courts.[1] (Doc. 19, ¶¶ 12-15). On May 1, 2023, Defendants again moved to dismiss Payne's amended complaint, and on March 29, 2024, this Court granted Defendants' second motion to dismiss. (Doc. 21; Doc. 26; Doc. 27). Specifically, this Court dismissed the First Amendment claim again because Payne failed to allege facts that sufficiently showed that he suffered an actual injury and that no other remedy could be awarded for the purported loss of his legal claims. (Doc. 26). However, "out of an abundance of caution," the undersigned granted Payne leave to file a second amended complaint. (Doc. 26, at 11).

---

[1] Payne also attached copied pages from Department of Corrections ("DOC") Policy DC-ADM 815 concerning the "Handling of Property for Transfers" and "Authorized Temporary Absence;" a copy of Payne's Personal Property Inventory Form, dated February 22, 2017; an affidavit from Randall H. Chumley, dated April 13, 2023; and an order from Civil Action No. 14-CV-2198, dated May 5, 2022, dismissing Payne's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) for lack of subject matter jurisdiction. (Doc. 19, at 4-9).

Payne filed his second amended complaint on April 20, 2024. (Doc. 28). In his second amended complaint, Payne re-alleges that Defendants lost or confiscated his personal property, including legal materials, which prevented his meaningful access to the courts.[2] (Doc. 28, ¶¶ 10-13). Specifically, Payne asserts that he was unable to "present sound arguments" and "perfect his argument for his application to file a second or successive habeas petition" because he did not have access to his legal materials. (Doc. 28, ¶ 13).

On June 18, 2024, Defendants filed a third motion to dismiss Payne's second amended complaint for failure to state a claim and a brief in support of their motion on that same day. (Doc. 30; Doc. 32). Payne did not file a brief in opposition. He instead filed a letter on September 16, 2024 in a conclusory and vague fashion that Defendants were maliciously accusing him of crimes and intimidating him in retaliation for bringing the present action.[3] (Doc. 34). Because Payne did not file a brief in opposition, the motion is deemed unopposed and ripe for disposition. However, in the interest of completeness and thoroughness, this Court will conduct a full analysis of Defendants' arguments.

## II. LEGAL STANDARDS

### A. MOTION TO DISMISS

---

[2] Payne also attached copied pages from Department of Corrections ("DOC") Policy DC-ADM 815 concerning the "Handling of Property for Transfers" and "Authorized Temporary Absence;" a copy of Payne's Personal Property Inventory Form, dated February 22, 2017; an affidavit from Randall H. Chumley, dated April 13, 2023; and an order from Civil Action No. 14-CV-2198, dated May 5, 2022, dismissing Payne's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) for lack of subject matter jurisdiction. (Doc. 19, at 4-9).

[3] To the extent that Payne seeks to assert new claims against Defendants through his letter filed on September 16, 2024, a brief in opposition or letter to the Court is not the proper vehicle with which to do so. If Payne would like to assert new civil claims, he must file a new complaint.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. S<span>ECTION</span> 1983

Payne asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on

a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

## III. DISCUSSION

### A. FIRST AMENDMENT ACCESS TO COURT CLAIM

Defendants move to dismiss Payne's second amended complaint for three reasons: (1) because Payne has not adequately described his underlying claim such that he can show "that it is more than hope of relief if the legal documents were returned"; (2) because Payne fails to allege an actual injury; and (3) because Payne has an adequate remedy to pursue his underlying claim. (Doc. 32, at 4-7). Specifically, Defendants assert that Payne merely alleges that his criminal case was dismissed because he could not "present sound arguments" without his legal materials, but "does not provide the underlying facts, the history of the underlying case, and the issues his legal paperwork would potentially address." (Doc. 32, at 4). Defendants further argue that Payne was not injured because his second or successive habeas petition with the Third Circuit was denied "both because his arguments lack merit (as explained by the District Court) and because he could have raised these arguments on appeal," and Payne chose not to file a petition for review of that decision. (Doc. 32, at 6). Last, Defendants contend that Payne has not established that the underlying claims could not be pursued due to Defendants' actions because the legal material he seeks "is either public record or is an affidavit that can be drafted and executed again." (Doc. 32, at 6-7). To reiterate, Payne has not submitted a brief in opposition or any filing directly responding to Defendants' arguments.

Prisoners maintain a "fundamental constitutional right of access to the courts,"

embodied in the First and Fourteenth Amendments. *Lewis v. Casey,* 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in preparing a defense against pending criminal charges. *See, e.g.*, *Prater v. City of Phila.,* 542 F. App'x 135, 136-37 (3d Cir. 2013) (not precedential); *May v. Sheahan,* 226 F.3d 876, 883-84 (7th Cir. 2000). Where, as here, the prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) he suffered an actual injury—that is, that he lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim because of the alleged interference; and (2) he has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial-of-access suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

Payne's second amended complaint does not include new allegations or specifications sufficient to cure the deficiencies outlined in this Court's dismissal of his first amended complaint. (Doc. 26; Doc. 28). Payne's second amended complaint is different from his first in two ways. First, Payne elaborates on his "actual injury" by alleging that "he has to submit copies of his previous 2254 applications, court opinions and orders," which are no longer in his possession, and he also does not have the exculpatory affidavit of Leonard Way, which he contends would establish his § 2244 claim. (Doc. 28, at 6). Second, Payne alleges that there is no available remedy for his ability to access the courts because if he had "been in possession of his legal materials he could have made to [sic] proper corrections to the previous petition filed." (Doc. 28, at 6-7).

Again, even with these new allegations, Payne has not demonstrated an actual injury (*i.e.*, a lost, nonfrivolous legal claim) or the unavailability of an adequate remedy. *Betts v.*

*Varner*, No. 1:21-CV-01309, 2022 WL 987888, at *5 (M.D. Pa. Mar. 31, 2022) (dismissing plaintiff's First Amendment claim on the grounds that plaintiff failed to allege that he suffered an actual injury, (*i.e.*, a lost, nonfrivolous legal claim), facts showing that he has no other remedy for the purported loss, and how the failure to turn over a single letter unconstitutionally impinged on his access to the courts).[4] While Payne now contends in a conclusory fashion that "he cannot recreate the legal materials" needed to file a successive or second, he does not explain how. (Doc. 28, ¶ 17). As Defendants note, all courts opinions, his previous applications and court orders and opinions are public record, and Payne does not establish how or why he cannot execute another exculpatory affidavit. (Doc. 32, at 7). In sum, Payne's allegations fall short of establishing that he lost the opportunity to pursue a non-frivolous or arguable underlying legal claim and that no other remedy exists, such as accessing the materials through the public record and executing another affidavit. *Betts*, 2022 WL 987888, at *5; *see Woodell v. Pa. D.O.C. Sec'y of Corr.*, No. CV 18-4430, 2020 WL 2841380, at

---

[4] This Court explained in detail why Payne's amended complaint was insufficient in its Memorandum addressing Defendants' second motion to dismiss. (Doc. 26). It will not repeat that reasoning in its entirety here, as it remains unchanged. To summarize, Payne's claims were deficient because "Payne has not alleged sufficient facts to suggest that his inability to use his lost legal materials, including the exculpatory affidavit from Leonard Way, affected the outcome of [his underlying case] or that the court denied his motion in part due to his inability to access the materials." *Payne v. Wyatt*, No. 3:21-CV-01896, 2024 WL 1356686, at *5 (M.D. Pa. Mar. 29, 2024). Payne's denial of post-conviction relief was not sufficiently related to his loss of legal materials to satisfy the actual injury prong because he did not allege that he was "unable to file a second or successive habeas petition with the Third Circuit" due to the loss of his legal materials. *Payne*, 2024 WL 1356686, at *5. In fact, the Eastern District of Pennsylvania's May 5, 2022, Order, dismisses Payne's Rule 60(b) motion for relief from judgment *without* prejudice to his right to file an application for a second or successive habeas petition with the Third Circuit. (Doc. 19, at 9); *Payne v. Bickell*, No. 14-CV-2198 (E.D. *filed* Apr. 14, 2014), ECF. No. 51, ¶ 1. Pane failed to seek review. Thus, it does not appear that Payne's underlying action or Rule 60(b) motion was in any way impacted by the alleged confiscation of his legal materials.

\*8 (E.D. Pa. June 1, 2020), *aff'd sub nom. Rancourt Little Mountain Woodell v. Wetzel*, No. 20-3235, 2022 WL 17424287 (3d Cir. Dec. 6, 2022) (concluding *pro se* plaintiff failed to allege actual injury where he failed to allege that the damaged or lost legal materials affected his ability to file the Rule 60(b) motion or that the court denied the motion in part due to the impact of his inability to access these materials); *Betts*, 2022 WL 987888, at \*4 (holding that plaintiff's First Amendment access to the courts claim was insufficient because plaintiff did not allege any facts that he suffered any actual injury, or facts showing that he has no other remedy for the purported loss). Accordingly, Defendants' third motion to dismiss Payne's second amended complaint is **GRANTED**. (Doc. 30).

    B. L<small>EAVE TO</small> A<small>MEND</small>

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). The Court does not find, at this juncture, that amendment is warranted. Payne has previously been granted leave to amend and has failed to cure the deficiencies outlined herein. (Doc. 26). Additionally, he failed to file a brief in opposition to the motion to dismiss, leaving the motion unopposed. As such, the Court finds that granting further leave to amend would be inequitable or futile. *See Bolus v. Gaughan*, No. 3:21-CV-01315, 2023 WL 9103093, at \*5 (M.D. Pa. Dec. 13, 2023), *report and recommendation adopted,* No. 3:21-CV-001315, 2024 WL 54113 (M.D. Pa. Jan. 4, 2024) (denying leave to amend when a *pro se* plaintiff was previously granted leave to amend and

also failed to file a brief in opposition to the motion to dismiss).

## IV.  CONCLUSION

Based on the foregoing, Defendants' motion to dismiss (Doc. 30) is **GRANTED**. Payne's second amended complaint is **DISMISSED**. (Doc. 28). The Clerk of Court will be directed to **CLOSE** this case.

An appropriate Order follows.

                                               **BY THE COURT:**

**Dated: January 21, 2025**                       *s/ Karoline Mehalchick*
                                                 **KAROLINE MEHALCHICK**
                                                 **United States District Judge**